450·   SUPERIOR COURT OF CINCINNATI.

Laws vs. Storrs-Schaefer Co.     [Vol. 23 (N.S.)

---

## ALLEGED BREACH OF CONTRACT OF EMPLOYMENT.

Superior Court of Cincinnati.

EDGAR A. LAWS v. THE STORRS-SCHAEFER CO., ETC. *

Decided 1920.

*Action by Employee—For Breach by Employer of Contract of Employment—Stipulating that the Services Were to be to the Entire Satisfaction of the Employer—Burden on Employee to Show that Discharge Was for Some Reason Other than the One Claimed.*

1. In an action to recover under a contract of employment, terminated by the defendant for the alleged reason that the contract stipulated the services were to be to the entire satisfaction of the employer, whereas in truth and in fact they were not satisfactory, the burden is upon the employee to show that his services were satisfactory and that the defendant did not act in good faith but dismissed him for some reason other than dissatisfaction with the service he was rendering.

2. In case of recovery by plaintiff in such a case, the measure of damage is the difference between the amount the defendant had contracted to pay, less such amount as plaintiff would have earned had he exercised reasonable diligence in seeking other employment.

---

* Affirmed by the Court of Appeals, 32 O. C. A., 11; motion to require the Court of Appeals to certify its record overruled by the Supreme Court, May 10, 1921.

## CHARGE TO JURY.

GUSWEILER, J.

The plaintiff for his cause of action represents and says that on the 25th day of August, 1914, he and the defendant company entered into a written contract by which the defendant company was to pay plaintiff the sum of $100 per week until January 1, 1915, and from January 1, 1915, to January 1, 1916, the sum of $115.38 per week, or at the rate of $6,000 per annum, and from January 1, 1916, to January 1, 1917, $134.61 per week, being at the rate of $7,000 per annum, and from January 1, 1917, to January 1, 1918, $153.84 per week, being at the rate of $8,000 per annum. Plaintiff was to devote his entire time and attention to the interest of the business of the defendant which he claims he did, and says that he has performed his part of said agreement fully and in every respect. Plaintiff says that on May 14, 1916, the defendant company wrongfully discharged him but paid him up to May 27, 1916, for which he claims damages as alleged in his petition.

The defendant company for answer, admits the contract on the terms alleged, but claims to have discharged him on May 22, 1916, and to have paid plaintiff to May 27, 1916. The defendant company claims to have been justified in its discharge of plaintiff for the reason that the said contract contained a provision that plaintiff's services were to be rendered to the entire satisfaction of the defendant company, and that his said services were not satisfactory to defendant company. Defendant company contends that plaintiff breached his own contract in refusing to comply with instructions given him by defendant company, and otherwise was at fault under the terms of said agreement. Defendant company claims to have notified plaintiff at various times and to have given him instructions as to his work and requested him to make changes therein, but that plaintiff neglected and refused so to do.

Thus the issue in this case involves an action seeking to recover for an alleged breach of contract. The contract in this case was an agreement in writing, between the plaintiff and the defendant company. Because the rights and responsibilities of the parties are determined by this writing, your pro-

vince and duty in solving the issues is confined to a solution of the controversy within the limits of this writing. It is not your concern or province to pass upon the rights or responsibilities of the parties as between themselves with reference to any general notion or principle of what should have been done, but it is your duty to determine whether or not the principles which the parties declared for themselves were lived up to or violated by one or the other. Hence it is, that at the outset, you must examine what the agreement was between the plaintiff and defendant company, what the agreement meant, because by that agreement the parties fixed their own rights.

The agreement provided for the employment of the plaintiff by the defendant company under certain agreed compensation, changing during various periods. That was the obligation on the one side by the defendant company in this case. On the other side the agreement was by plaintiff in consideration for this compensation to do certain things. He agreed to perform that which is set down in this contract. He agreed to devote his entire time and attention to the interests of the defendant company in designing their patterns and supervising their cutting and manufacturing department, and to devote his entire time and attention to the interest of their business. He also agreed that his services in and about this occupation would be to the satisfaction of the defendant company.

Plaintiff claims that he performed his part of the agreement in every particular. The burden of proof rests upon the plaintiff by a preponderance of the evidence in this case to prove that he performed his part and accomplished by his work a substantial compliance with said contract. If, upon the evidence, you should find that plaintiff has established a substantial compliance a compliance in material respects with his obligation, he would have performed the contract in that respect and be entitled to the compensation under the contract.

Now as to plaintiff's obligation that his services should be to the satisfaction of the defendant company, there is no rule of substantial or material compliance. The obligation upon plaintiff's part under this contract was that his services should

be satisfactory to the defendant company. The burden of proof rests upon the plaintiff to prove by a preponderance of the evidence in this case, that he not only performed the services as designer and cutter in substantial and material respects as agreed, but also that his services were in truth satisfactory to the defendant company.

You are not concerned with the question as to whether or not plaintiff was a good designer or ranked high or had expert ability as a designer. You have nothing whatever to do with this question for it is not an issue in this case. Nor is it a question for you to determine whether or not plaintiff's services were of such character that they ought to have been satisfactory. Nor whether they would have been satisfactory to other people, nor whether they should have reasonably been considered satisfactory. The obligation under plaintiff's contract was to make his services satisfactory to the defendant company; hence it is that on this issue the burden of proof by a preponderance of the evidence is upon the plaintiff in this case to show and prove by a greater weight of the evidence that at the time he was discharged and his services dispensed with his services were in truth satisfactory to the defendant company.

It is your duty to determine whether there was a genuine dissatisfaction or whether there was, as a matter of fact, a different reason actuating the defendant in discharging the plaintiff.

If the plaintiff was discharged for any other cause not founded upon a genuine dissatisfaction with the services the plaintiff was rendering, then I charge you that the plaintiff is entitled to a verdict.

By the contract between them, the plaintiff agreed to perform his work to the satisfaction of the defendant and if the defendant in good faith was not satisfied with plaintiff's services, then it had the right to terminate plaintiff's contract and your verdict should be for the defendant.

Upon this issue your determination must be based upon the evidence adduced in this case and you will not be permitted

454 · SUPERIOR COURT OF CINCINNATI.

Laws vs. Storrs-Schaefer Co. ᵒol. 23 (N.S.)

to speculate or guess as to what might have been the case as distinguished from what you find to have actually been the case, so far as your findings are based upon evidence presented here in court in this case.

You are entitled to make reasonable deductions from matters proved, but you are not entitled to enter the realm of guess work or speculation.

The question as to whether or not the defendant company was satisfied or was dissatisfied with plaintiff's services, is to be determined by you as of the time the plaintiff was dismissed from the services of the defendant company, that is to say on the 27th day of May, 1916, or at the time you find plaintiff actually to have been dismissed, whether at that time the defendant company was in truth and genuinely satisfied with plaintiff's services, or whether the defendant company was at that time dissatisfied with his services.

The plaintiff having the burden of proof in this case, must sustain the burden of showing that his services at that time were satisfactory and that his discharge was made for some reason other than dissatisfaction. If you should find that the defendant company discharged plaintiff for some reason other than that they were dissatisfied with his services or through a failure on his part substantially to comply with the requirements of the position as stated in the contract, then your verdict should be for the plaintiff. But if the plaintiff has failed, by a preponderance of the evidence, to establish that the defendant company was not dissatisfied with his services, then his case fails and your verdict must then be for the defendant company.

The defendant company is a corporation and naturally acts through its duly authorized agents and is bound in law by the conduct and action of its agents done within the scope of the agent's authority. The burden of proof is upon the plaintiff to establish that the dissatisfaction of the defendant company, manifested through its duly authorized agents. was not a genuine dissatisfaction, was not in truth, the reason for plaintiff's discharge.

If the plaintiff has sustained the burden of proof upon this point, he is entitled to a verdict so far as that branch of the case is concerned. If he has failed to establish that there was not a genuine dissatisfaction, his case has failed in that respect, and in such an event your verdict must be for the defendant.

Preponderance of the evidence does not mean the greater number of witnesses, but the greater weight of the evidence. Gentlemen of the jury, you must consider all the evidence and all the witnesses with relation to credibility. You are the sole judges of the credibility of the witnesses and the weight to be given to their testimony. In determining the credit you will give any witness and the weight and value you will attach to a witness's testimony, it is your right to take into consideration the conduct and appearance of the witness upon the witness stand, the interest in the result of this trial, the motives actuating the witness in testifying and the witness's relations and feelings for or against either party, the probability or improbability of the witness's statements, the opportunity the witness had to observe and to be informed as to matters respecting which such witness gave testimony, the inclination of the witness to speak truthfully or otherwise as to matters within the knowledge of such witness. All these matters being taken into account with all the other facts and circumstances given in evidence, it is your province and duty to give to each witness such credit and to the testimony of each witness such value and weight as you deem proper. In this way you determine where lies the greater weight of the evidence. If it weighs equally in favor of both parties, so that you can not determine which has the greater weight of the evidence your verdict must be for the defendant; if the greater weight lies in favor of the defendant, your verdict must be for the defendant. If the greater weight lies in favor of the plaintiff your verdict must be for him.

Now, if by a preponderance of the evidence you find that plaintiff is entitled to recover, he is entitled to recover compensation fixed by the contract for the period of the contract,

less such amount as he has actually earned during that period or rather less such amount as by reasonable diligence in seeking employment he would have earned, it being the rule that one who claims compensation because deprived of the rights of a contract of employment may not remain idle, but is under obligation to exercise reasonable diligence to find other employment. Thus, if you should find that plaintiff is entitled to recover in this case, his recovery would be that measure of the contract in its terms of compensation, less such amount as he would have earned had he exercised reasonable diligence in seeking employment. Whether that deduction should be the actual amount earned or another amount is, of course, one of the questions of fact for you to determine.

In case of a finding for the plaintiff he would be entitled to interest upon the amounts stipulated to be paid him in the contract, from the time they should have been paid until the first day of this term of court which is the first day of December, 1919, deducting from any such compensation the amount of actual earnings, or the amount that plaintiff would have earned had he employed reasonable diligence in seeking reemployment.

You will be given two forms of verdict, one for the plaintiff and one for the defendant. You may return a verdict if nine or more jurors agree but all the jurors who do agree, nine or more, must sign the verdict. If your verdict be for plaintiff, you will indicate the amount in both words and figures. You will be given the pleadings and exhibits and when you have agreed upon a verdict you are instructed to report to the court.